**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-07-160-M |
| ) | |
| CARL HENRY BARDSHER, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant Carl Henry Bardsher appeals the judgment of conviction and sentence imposed by United States Magistrate Judge Shon T. Erwin in a misdemeanor case. Defendant's appeal is brought under Rule 58(g) of the Federal Rules of Criminal Procedure. This Court has jurisdiction of defendant's appeal pursuant to 18 U.S.C. § 3742(g).

I.  Background

On August 8, 2006, a two count Information was filed charging defendant with being present as a spectator at a place where a cock fight was occurring in violation of 18 U.S.C. § 1151 (Count One) and for knowingly transporting animals for a fighting venture in violation of 7 U.S.C. § 2156(a),(b) (Count Two)[1],[2]. Defendant appeared for his initial appearance on August 2, 2006. On August 23, 2006, defendant was arraigned, at which time defendant entered a plea of not guilty, consented to trial before a magistrate judge, and demanded a jury trial.

On January 23, 2007, the jury trial commenced for the consolidated cases of defendant and three other defendants. The trial concluded on January 25, 2007, with the jury finding defendant

---

[1] Count Two was dismissed during trial.

[2] There were approximately seventy-five (75) other individuals who were arrested at the same time and location as defendant and had similar charges.

guilty on Count One. The Magistrate Judge ordered a presentence investigation, and the sentencing hearing was set for June 20, 2007. At the sentencing hearing, the Magistrate Judge sentenced defendant to a term of probation for one year, a fine of $1,975.00, and a $25.00 special assessment. Counsel for defendant timely filed a notice of appeal on July 5, 2007.

II.     Discussion

In reviewing a sentence imposed by a United States Magistrate Judge, a district court functions as an appellate court:

> Post-conviction review of a magistrate judge's judgment is governed by same standards as appeal from judgment of a federal district court to the court of appeals. [The Court] review[s] the Magistrate Judge's conclusions of law *de novo*, applying the same standard used by the Magistrate Judge in making his initial ruling. [The Court] review[s] the Magistrate Judge's fact findings for clear error. A finding of fact is "clearly erroneous" if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.

*United States v. Ellison*, 112 F. Supp. 2d 1234, 1236 (D. Colo. 2000) (internal quotations and citations omitted).

In his appeal, defendant contends the Magistrate Judge erred in imposing a fine of $1,975.00. Specifically, defendant contends the Magistrate Judge did not give adequate reasons for his sentence as required by 18 U.S.C. § 3553(c). Additionally, defendant contends that the imposition of a fine of $1,975.00 was neither reasoned or reasonable but was excessive and an abuse of discretion.

A.     Whether the Magistrate Judge gave adequate reasons for sentence

Title 18 United States Code Section 3553(c) provides, in pertinent part: "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence.

. . ." In his appeal, defendant asserts that the Magistrate Judge did not give adequate reasons for its sentence; however, defendant did not raise this procedural objection before the Magistrate Judge.

Because defendant did not object on procedural grounds under 18 U.S.C. § 3553(a) or (c) after the Magistrate Judge imposed his sentence, the Court finds that defendant has forfeited his right to appeal this issue and this Court's review is only for plain error. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). An appellate court finds "plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* "The plain error standard presents a heavy burden for an appellant, one which is not often satisfied." *Id.*

Having reviewed defendant's brief, the Court finds that defendant has entirely failed to allege that any error by the Magistrate Judge affected his substantial rights. "For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the ... court proceedings. The burden to show that substantial rights have been prejudiced is on the party that failed to raise the issue below." *Id.* at 1179 (internal quotations and citations omitted). In his brief, defendant does not argue that the Magistrate Judge's failure to explain his sentence affected his substantial rights, and it is not this Court's duty to supply such an argument for him.

Accordingly, based on the Court's plain error review, the Court finds that defendant's procedural reasonableness argument under § 3553(c) cannot succeed.

B.      Whether the imposition of the fine was reasoned or reasonable

Defendant contends that the $1,975.00 fine in this case is unreasonable, greater than necessary, and an abuse of discretion. Specifically, defendant asserts that if he is unable to afford counsel and the probation office made a finding that he does not have the ability to pay a fine, the

fine imposed in this case is excessive and an abuse of discretion.  Defendant further asserts that the sentence in this case is unreasonable based upon the disparity in the sentence he received and the sentences the defendants in the related felony case received.

"In evaluating the substantive reasonableness of a sentence, [an appellate court] ask[s] whether the . . . sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)." *United States v. Hamilton*, 510 F.3d 1209, 1217-18 (10th Cir. 2007).  Section 3553(a) provides, in pertinent part:

> The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>> *          *          *
>
> (5) any pertinent policy statement –
>> *          *          *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having reviewed the parties' submissions, including the transcript of the sentencing of defendant and the other three defendants who were tried and sentenced at the same time, and having considered the § 3553(a) factors, the Court finds that the $1,975.00 fine in this case is reasonable. While defendant did have court appointed counsel and the probation office did find that defendant did not have the ability to pay a fine, the Court finds that the Magistrate Judge in this case, who has handled numerous petty offense dockets and misdemeanor cases, was in the best position to judge defendant's true ability to pay a fine over time. Further, the Court finds that it was not unreasonable for the Magistrate Judge to impose a fine in this case as a means of preventing future violations of the law. Finally, the Court finds that there is no unwarranted disparity between defendant's sentence and the sentences imposed on the defendants in the related felony case. Specifically, the Court finds that defendant and the defendants in the related felony case are not similarly situated; the two defendants in the related felony case both pled guilty and cooperated with the government. Further, one of the defendants in the related felony case was sentenced to six months' home confinement, a penalty not imposed on defendant.

Accordingly, the Court finds that defendant's sentence should not be reversed based on substantive reasonableness under § 3553(a).

III.   Conclusion

For the reasons set forth above, defendant's conviction and sentence of a term of probation for one year, a fine of $1,975.00, and a $25.00 special assessment is AFFIRMED.

**IT IS SO ORDERED this 17th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

5